IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LORINDA BROWN, | ) | Case No. 8:10cv28 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ANSWER AND** |
| | ) | **AFFIRMATIVE DEFENSES** |
| J J KAT, INC., a Nebraska corporation, dba | ) | |
| Brewsky's Food and Spirits, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant J J KAT, INC., a Nebraska corporation, d/b/a Brewsky's Food & Spirits ("Defendant"), by and through its counsel Rembolt Ludtke LLP, and for its Answer and Affirmative Defenses to the Complaint ("Complaint") of Plaintiff Lorinda Brown ("Plaintiff"), answers the enumerated paragraphs of the Complaint as follows:

**JURISDICTION AND VENUE**

1. While maintaining Plaintiff does not present a cognizable claim and except where this Court finds in favor of Defendant on its related Affirmative Defenses, Defendant admits that this Court has original jurisdiction over Plaintiff's action pursuant to 28 U.S.C. § 1331 as a civil action arising under the laws of the United States, and denies all remaining allegations in Paragraph 1.

2. While maintaining Plaintiff does not present a cognizable claim and except where this Court finds in favor of Defendant on its related Affirmative Defenses, Defendant admits that venue is proper in this judicial district.

## PARTIES

3. Defendant is without sufficient information to admit or deny that Plaintiff is a resident of the State of Nebraska and this judicial district, that Plaintiff suffers from Spinal Muscular Atrophy, that Plaintiff is substantially limited in performing one or more major life activities, that Plaintiff is disabled within the meaning of the Americans with Disabilities Act (the "ADA"), that Plaintiff requires the use of a wheelchair, or that prior to instituting this action Plaintiff visited Defendant's property, and therefore denies the same. The Defendant denies all remaining allegations in Paragraph 3.

4. Defendant is without sufficient information to admit or deny the allegations in Paragraph 4, and therefore denies the same.

5. Defendant is without sufficient information to admit or deny that Plaintiff visited the Property, and therefore denies the same. Defendant denies that it violated the ADA and denies all remaining allegations in Paragraph 5.

6. Defendant denies the allegations in Paragraph 6.

7. Defendant admits that it is a Nebraska corporation, but denies all remaining allegations in Paragraph 7.

## FACTUAL ALLEGATIONS AND CLAIM

8. Defendant admits that Congress enacted the ADA.

9. Because the allegations call for a legal conclusion to which no response is required, the Defendant denies all allegations in Paragraph 9.

10. Because the allegations call for a legal conclusion to which no response is required, the Defendant denies all allegations in Paragraph 10.

11. Because the allegations call for a legal conclusion to which no response is required,

the Defendant denies all allegations in Paragraph 11.

12. Defendant is without sufficient information to determine what Plaintiff considers to be "public areas" and denies all allegations in Paragraph 12.

13. Because the allegations call for a legal conclusion to which no response is required, the Defendant denies all allegations in Paragraph 13.

14. Defendant denies the allegations in Paragraph 14.

15. Defendant denies the allegations in Paragraph 15.

16. Defendant denies the allegations in Paragraph 16.

17. Defendant denies the allegations in Paragraph 17.

18. Defendant denies the allegations in Paragraph 18.

19. Defendant denies the allegations in Paragraph 19.

20. Defendant denies the allegations in Paragraph 20.

21. Defendant denies the allegations in Paragraph 21.

22. Defendant denies the allegations in Paragraph 22.

23. Defendant denies the allegations in Paragraph 23.

24. Because the allegations call for a legal conclusion to which no response is required, the Defendant denies all allegations in Paragraph 24.

Defendant denies that the Plaintiff is entitled to the relief requested in the "WHEREFORE" clause following Paragraph 24 and further denies each and every allegation of the Complaint not expressly admitted or modified, except to the extent such allegations constitute admissions against the Plaintiff's interests.

## AFFIRMATIVE DEFENSES

25. The Court lacks subject matter jurisdiction.

26. The Plaintiff lacks standing.

27. The Plaintiff lacks standing as a "tester."

28. The Restaurant and facility were built prior to implementation of the ADA.

29. Injunctive relief is not warranted because the alleged architectural barriers have been or will be removed except those that are not readily achievable.

30. Removal of the alleged architectural barriers is not readily achievable and cannot be accomplished or carried out without much difficulty or expense.

31. The case is moot.

32. Plaintiff has not set forth a legitimate request for injunctive relief as any alleged barriers that presently exist are minor and do not rise to the level of dangerousness or denial of access.

33. Injunctive relief is not warranted as Plaintiff has not received actual notice that Defendant does not intend to comply with the ADA.

34. Plaintiff is not entitled to attorneys' fees under *Buckhannon Board and Care Home v. West Va. Dept. of Health and Human Services*, 532 U.S. 598 (2001).

WHEREFORE, the Defendant prays for the following relief.

A. That the Plaintiff take nothing by reason of her Complaint and that the Complaint be dismissed with prejudice;

B. That the Defendant be awarded its costs incurred in the defense of this action, including reasonable attorneys' fees; and

C. That the Defendant be awarded such other relief as the Court deems proper and just.

DATED: March 22, 2010

                    J J KAT, INC., a Nebraska corporation, d/b/a Brewsky's Food & Spirits, Defendant

By:   s/s Mark A. Fahleson
       Mark A. Fahleson (#19807)
       David J. A. Bargen (#22862)
       REMBOLT LUDTKE LLP
       1201 Lincoln Mall, Suite 102
       Lincoln, NE 68508
       (402) 475-5100
       (402) 475-5087
       mfahleson@remboltludtke.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 22, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which sent notification of such filing to the following:

Stephan M. Nitz
snitz@szalaw.com
Schwartz Zweben, L.L.P.

Marvin L. Andersen
marvin@bradleylawoffice.com
Michael P. Kneale
mike@bradleylawoffice.com
Attorneys for Plaintiff

                    s/s Mark A. Fahleson
                    Mark A. Fahleson

G:\WDOX\clients\32604\000\00316429.WPD